THE STATE, EX REL. F. W. WELNA, v. WILLIAM STEUFFER.

**Quo Warranto:** CLERK OF DISTRICT COURT. Previous to the fall election, 1879, S., county clerk of Cuming county, issued the regular election notices for the several precincts of said county, and *inter alia* placed thereon, as one of the officers to be elected, that of clerk of the district court. W. was a candidate for said office at said election, and received a plurality of votes therefor. S., after canvassing said votes with his assistants, as provided by law, refused W. a certificate of election. On *quo warranto* by W. against S. (who is still county clerk, and as such acting clerk of the district court), and proof that according to the census returns for said county for 1880 the population of said county was 5,574 inhabitants, and that the population of said county has been constantly increasing for the past twenty years, *Held*, That W. was not entitled to said office.

ORIGINAL information in the nature of a *quo warranto*.

*J. C. Crawford* and *R. F. Stevenson*, for relator.

*Valentine & Tate*, for respondent.

COBB, J.

High, in his work on Extraordinary Legal Remedies, states the law of *quo warranto* to be, "Where the relator seeks by information not only to oust the respondent, but also to establish his own right to the office, he

must show both his interest and title to the office, as well as the necessary qualifications, to render himself eligible thereto." And this view is sustained by authorities cited. It then becomes necessary for the relator in this case to establish his own right to the office which he alleges has been usurped by the respondent. To do this he must first establish the fact that there is such an office. The statute in force at the date of the election at which the relator claims to have been elected to this office is in the following terms: "In each county having a population of 8,000 inhabitants, or more, there shall be elected in the year 1879, and every four years thereafter, a clerk of the district court in and for such county; and in each county having a population of less than 8,000 inhabitants, the county clerk shall be *ex officio* clerk of the district court, and perform all the duties devolving upon that officer by law." Laws 1879, 242.

The relator does not claim the office of county clerk of Cuming county, but he claims the office of clerk of the district court of that county, by virtue of an election to that office at the annual election of 1879. Now whether there is such an office to which he could have been elected at said election depends upon the fact whether, at the date of said election, said county had a population of 8,000 inhabitants or more, or not. At the hearing before this court the respondent introduced a certificate showing that the population of said county, as shown by the returns of the several census enumerators appointed for said county to take the enumeration for said county for the United States census in the year 1880, is five thousand five hundred and seventy-four, as shown by the returns of said enumerators now on file in the county clerk's office of said county. And there was also evidence, showing to the satisfaction of the court, that the population of said county has

been constantly on the increase for the past twenty years, and was greater in 1880 than it was at the date of said election.

It necessarily follows therefore, that there is no such office as clerk of the district court for Cuming county proper, but that the county clerk of said county is *ex officio* clerk of the district court of said county.

The relator made the point at the trial that the respondent, being the county clerk of said county in 1879, and in the official notices of the election in the several precincts of said county for the election of that year having inserted the office of clerk of the district court as one to be voted for at said election, he is estopped to deny the right of the relator to said office. I do not think that this position can be sustained. The placing of such office in the list was an error, but it could not have been productive of such consequences as claimed. It could not supply the deficiency of over four thousand inhabitants so as to entitle said county to a clerk of the district court. The finding and judgment of this court must therefore be for the respondent.

JUDGMENT ACCORDINGLY.